IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 25-cr-00184-WJM

UNITED STATES OF AMERICA,

Plaintiff,

v.

RAQUAN JOHNSON,

Defendant.

---

**MOTION TO REOPEN ISSUE OF DETENTION**

---

Defendant, Raquan Johnson, by and through undersigned counsel, Summer Woods, hereby respectfully requests that this Court reopen the detention hearing in this matter pursuant to 18 U.S.C. § 3142(f)(2)(B), and, further, that it find that there are a set of conditions that will assure both Mr. Johnson's appearance in court and the safety of the community.[1]

### I.    Statement of Relevant Facts

On June 10, 2025, Mr. Johnson was charged by Indictment with Possession of a Firearm and Ammunition by a Prohibited Person, a violation of 18 U.S.C. § 922(g)(1). ECF No. 1. Mr. Johnson was arrested on that federal indictment on July 1, 2025, and appeared in front of Magistrate Judge Neureiter. ECF No. 7. Mr. Johnson did not contest his detention at that time based on a parole hold from a state case, which was put in place due to his federal charges. ECF

---

[1] Undersigned counsel contacted the Assigned United States Attorney Leah Perczak regarding her position on this request and has not heard back as of the time of this filing, which is understandable based on the timing of this request. However, undersigned counsel will be out of the office for the majority of the next week and wanted to submit this request for Mr. Johnson as soon as practicable.

No. 8. On February 13, 2026, Mr. Johnson filed a motion to suppress the evidence in his case. ECF No. 46. On March 26, 2026, the Court issued a written order granting Mr. Johnson's motion and suppressing "the incriminating evidence seized from Johnson's person and the truck." ECF No. 53. The suppressed evidence includes the firearm that was found on Mr. Johnson's person and is the basis of the sole count of the indictment against him. Trial is currently scheduled for May 4, 2026. ECF No. 54.

## II.      Applicable Law

A detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if … information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community…." 18 U.S.C. § 3142(f). The factors informing whether bond can be granted include: (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person," (3) "the history and characteristics of the person," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

The suppression of evidence is a material fact that the defendant could not have known about at an initial detention hearing, which warrants the reopening of the detention hearing. *United States v. Shareef*, 907 F.Supp. 1481, 1485 (D. Kan. 1995); *see also United States v. Workman*, 680 Fed.Appx. 699, 702 (10th Cir. 2017) (unpublished) (district court did not err because it considered, at a reopened detention hearing, suppression of evidence as a change in circumstances).

The government originally sought Mr. Johnson's detention pursuant to 18 U.S.C. § 3142(f)(1)(E), based on the allegations that Mr. Johnson possessed a firearm. The statutory

presumption of detention is not applicable to Mr. Johnson, meaning the Court must start with the presumption that Mr. Johnson can and should be released. The Supreme Court held in *Salerno*, "[i]n our society liberty is the norm, and detention prior to trial . . . is the carefully limited exception." 481 U.S. at 755. This presumption of release is encapsulated in the BRA. The statute states that the Court "shall order" pretrial release, § 3142(b), except in certain narrow circumstances. Even if the Court determines under § 3142(c) that an unsecured bond is not sufficient, the Court "shall order" release subject to "the least restrictive further condition[s]" that will "reasonably assure" the defendant's appearance in court and the safety of the community. § 3142(c)(1) (emphasis added). Under this statutory scheme, "it is only a 'limited group of offenders' who should be detained pending trial." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987); see also *United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992) ("There can be no doubt that this Act clearly favors non detention.").

### III.    Argument

The granting of Mr. Johnson's motion to suppress is a changed circumstance that warrants reopening the issue of detention. Because the Court's ruling effectively eliminates the critical piece of evidence against him in this case, the ruling directly affects the second factor informing Mr. Johnson's pretrial detention, and indirectly affects the first and fourth factors by altering the nature and circumstances of Mr. Johnson's alleged conduct. Per 18 U.S.C. §§ 3142(f) and (g), this Court should reopen Mr. Johnson's detention hearing and release him on conditions.

There is a presumption that Mr. Johnson should be released pending trial. Moreover, there is a combination of conditions that can be imposed on Mr. Johnson that would reasonably assure his required attendance and the community's safety based on the factors to be considered for his release. 18 U.S.C. § 3142(g). First, given the Court's suppression of the firearm, the government

does not have the evidence that is necessary for a conviction on the only charge Mr. Johnson is indicted for. Should the government elect to proceed to trial, which is unlikely, no reasonable juror is likely to convict Mr. Johnson of possessing a gun in a case where there is no gun. Thus, the weight of the evidence and circumstances of the offense now favor his release. 18 U.S.C. § 3142(g)(1)-(2).

Mr. Johnson has significant family support, strong ties to the community, and an established, recent record of compliance on pre-trial release and appearance in court. If released, Mr. Johnson would reside with his sister, Denize Rivas, and her husband, Christopher Custis. Ms. Rivas works for the United States Immigration and Customs Enforcement as a law enforcement officer. Her husband, Mr. Custis, is a probation officer for Denver County. By the nature of their jobs as law enforcement officers, both Ms. Rivas and Mr. Custis are well suited to help Mr. Johnson comply with his conditions of pre-trial release, including appearing in court as ordered. Ms. Rivas and Mr. Custis, along with Mr. Johnson's other sister Marlene Almanza, have previously provided letters of support for Mr. Johnson and described his positive contributions to the community. ECF. No. 17, Ex. A-C.

Additionally, at the time of his arrest for this offense, Mr. Johnson was on pre-trial release out of Lincoln County (23CR9). The date of offense for that case is January 8, 2022. Mr. Johnson was released on bond in that matter on August 27, 2024. After his release, Mr. Johnson appeared in court seven times while out on bond and had no issues complying with the conditions of his release. While there is an active warrant in that matter, it is based on his inability to appear for Court while he was in federal custody. Undersigned counsel is in contact with Mr. Johnson's attorney in that case and Mr. Johnson will be able to resolve any outstanding matters in that case if released. Finally, Mr. Johnson would remain on parole in his state case until approximately July

2026, past the date of trial in this case, providing an additional layer of supervision in the community.

Given the changed circumstances above, any additional pre-trial detention risks being punitive and thus violating Mr. Johnson's right to due process. He should not have to remain in custody while the government decides whether to dismiss the indictment or go forward with an appeal. The current circumstances of his case favor his release on bond.

**IV.    Conclusion**

Mr. Johnson respectfully requests that this Court reopen the issue of detention in this matter and set a hearing in this case as soon as practicable. Mr. Johnson is currently housed at a detention facility in Scotts Bluff, Nebraska. Therefore, undersigned counsel further requests that the Court order Mr. Johnson be "dressed out" for possible release at any such hearing.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

*/s/ Summer Woods*
SUMMER WOODS
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Summer_Woods@fd.org
Attorney for Defendant Raquan Johnson

<u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on March 27, 2026, I filed the foregoing ***Motion to Reopen Issue of Detention*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email address and all parties of record:

   Leah Marie Perczak, Assistant United States Attorney
   E-mail: leah.perczak@usdoj.gov

   I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

   Raquan Johnson (*held on file*)

         */s/ Summer Woods*
         SUMMER WOODS
         Assistant Federal Public Defender
         633 17th Street, Suite 1000
         Denver, CO 80202
         Telephone: (303) 294-7002
         FAX: (303) 294-1192
         Summer_Woods@fd.org
         Attorney for Defendant Raquan Johnson